UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HOWARD BODDIE, JR.,**

    **Plaintiff,**

    v.

**Civil Action 2:20-cv-1179**
**Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

**FRANKLIN COUNTY**
**CORRECTIONAL CENTER I,**

    **Defendant.**

## REPORT AND RECOMMENDATION

On March 3, 2020, Plaintiff, Howard Boddie, Jr., a state prisoner proceeding without the assistance of counsel, filed motion seeking leave to proceed *in forma pauperis* and contemporaneously filed a Motion for Temporary Protection Order. (ECF Nos. 1 and 1-1.) Because Plaintiff's *in forma pauperis* application was deficient and not accompanied by a Complaint, the Court issued an Order and Deficiency Notice. (ECF No. 4.) Plaintiff has now corrected the deficiencies in his *in forma pauperis* application and filed a Complaint. (ECF Nos. 5, 6, and 7.) Accordingly, this matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be **DENIED**.

Congress has restricted a prisoner's right to proceed *in forma pauperis*. In accordance with Section 804(d) of the Prison Litigation Reform Act ("PLRA") of 1995, Pub. L. No. 104-134, 110 State 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Here, Plaintiff acknowledges in his application to proceed *in forma pauperis* that he has had four such dismissals, and the undersigned's search of PACER reveals that Plaintiff has had at least five such dismissals. *See, e.g.*, *Boddie v. Barstow*, No. 18-3942 at ECF No. 9-2 (6th Cir. Feb. 12. 2019) (denying Boddie's request to proceed *in forma pauperis* on the grounds that it lacked an arguable basis in law or fact); *Boddie v. Jenkins*, No. 18-3696 at ECF No. 8-1 (6th Cir. Nov. 20, 2018) (same); *Boddie v. Jenkins*, No. 2:18-cv-505 at ECF No. 7 (S.D. Ohio June 25, 2018) (dismissing Plaintiff's action pursuant to § 1915(e) for failure to state a claim); *Boddie v. Prisley*, No. 2:17-cv-161 at ECF No. 12 (S.D. Ohio June 14, 2017) (same); *Boddie v. Van Steyn*, No. 2:17-cv-24 at ECF No. 7 (S.D. Ohio June 6, 2017) (same).

In view of Plaintiff's multiple "strikes," he is deemed a "three striker" under § 1915(g) such that he may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." "[T]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citation omitted). To satisfy this pleading standard, "[a] plaintiff must . . . allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that he was under an existing danger at the time he filed his complaint." *Id.* (citing *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)) (internal quotation marks and citations omitted). Imminent

2

danger means that "the threat or prison condition must be real and proximate and the danger of serious physical injury . . . ." *Vandiver*, 727 F.3d at 585 (internal quotation marks and citation omitted).

The undersigned is unable to discern any facts from Plaintiff's Motion for Temporary Protection Order (ECF No. 1-1), his Complaint (ECF No. 5), or his Motion to Take Judicial Notice (which the undersigned construes as a supplement to his Complaint) (ECF No. 7) that establish that he meets the statutory exception set forth in § 1915(g). To the contrary, review of these filings demonstrate that Plaintiff's allegations are best characterized as a mere disagreement over the particular medications he has been prescribed to treat his exposure to an individual with HIV, which is insufficient to even state a cognizable Eighth Amendment medical indifference claim. *See, e.g.*, *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003) ("A patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim."); *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002) ("[A] difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim.").

For these reasons, the undersigned makes the following **RECOMMENDATIONS**:

1. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED**.

2. Plaintiff be **ORDERED** to pay the full $400 filing fee ($350 filing fee, plus $50 administrative fee) required to commence this action **WITHIN THIRTY DAYS**, and that the Court advise Plaintiff that his failure to timely pay the full $400 fee within thirty days will result in the dismissal of this action.

3. The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE