IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HOWARD BODDIE, JR.,

        Plaintiff,    :    Case No. 2:20-cv-1179

  - vs -                                  Judge Sarah D. Morrison
                                           Magistrate Judge Chelsey M. Vascura

FRANKLIN COUNTY,
CORRECTIONAL CENTER I        :

        Defendant.

**OPINION AND ORDER**

On March 3, 2020, Plaintiff Howard Boddie, Jr., filed a motion for Leave to Proceed *in forma pauperis* in an action against Defendant Franklin County Correctional Center I ("FCCC"). (ECF No. 1.) On March 26, 2020, Mr. Boddie filed a Complaint alleging that FCCC had violated his Eighth Amendment rights. (Compl., ECF No. 5.) He has also filed two Motions for Judicial Notice (ECF Nos. 7, 12) in which he describes additional facts related to his claims. Judicial notice is not appropriate under these circumstances. *See* Fed. R. Evid. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute . . . ."). However, the Court construes these documents as motions for leave to amend the Complaint. The first motion (ECF No. 7) is **GRANTED** as Mr. Boddie is entitled to this amendment as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). The second motion does not add anything to Mr. Boddie's claims but only serves to inform the Court that the circumstances alleged in his Complaint have not changed. The second motion (ECF No. 12) is **DENIED**.

1

Mr. Boddie alleges that on February 3, 2020, after being bitten by an HIV-positive woman, he called the police. (ECF No. 5 ¶¶ 2–3.) When the police arrived, they arrested Mr. Boddie and did not allow him to get medical treatment. (*Id.* ¶¶ 3, 5.) During booking, Mr. Boddie was examined by a nurse who questioned why he was not taken to the hospital. (*Id.* ¶ 6.) Mr. Boddie also alleges that he had a deficient immune system at the time that rendered him more susceptible to contracting HIV and COVID-19. (*Id.* ¶ 8.) In response, Mr. Boddie was placed on two medications, Tenofovir and Emtriva, (the "HIV medications") which he understood to be designed to treat him and to prevent HIV infection. (*Id.* ¶ 9.) However, he was not given pain medication. (*Id.* ¶ 10.) Subsequently, Mr. Boddie sought information about the medications that he had been prescribed but was rebuffed. (*Id.* ¶ 18.)

On February 25, 2020, Mr. Boddie was tested for HIV, and on March 3, 2020, it was confirmed that his results were negative. (*Id.* ¶¶ 19–20.) FCCC continued to prescribe Mr. Boddie the HIV medications until March 15, 2020. (*Id.* ¶ 21.) On March 15, 2020, Mr. Boddie was told that he could opt out of continuing to receive the HIV medications, and while he initially declined, the following day he did opt out. (*Id.* ¶¶ 22–24.) Mr. Boddie claims that he was administered the HIV medications for "experimental purposes" as a "guinea pig." (*Id.* ¶ 25.) He claims that he is now suffering "serious side effects" from the HIV medications. (*Id.* ¶ 28.) In particular, he says that he is suffering from headaches, stomach pain, dizziness, weakness, nausea, indigestion, itchy eyes, mouth sores, depression, a rash, itching, difficulty falling asleep or staying asleep, decreased urination, ongoing or worsening bone pain, lightheadedness, feeling cold in the arm, muscle pain, hot flashes, wrist pain, numbness in his right hand, and tremors. (ECF No. 7, at 2.)

Under the Prison Litigation Reform Act ("PLRA") prisoners are not entitled to file civil actions *in forma pauperis* if they have previously had three actions or appeals dismissed for being frivolous or malicious or for failing to state a claim (i.e., three "strikes"). 28 U.S.C. § 1915(g). However, the PLRA contains an exception for a prisoner who "is under imminent danger of serious physical injury." *Id.*

The Magistrate Judge determined that Mr. Boddie has at least three "strikes" under the PLRA, and Mr. Boddie does not contest this. (ECF No. 8, at 2; ECF No. 6, at 2.) Thus, Mr. Boddie is entitled to proceed *in forma pauperis* only if he falls within the "imminent danger" exception. In her Report and Recommendation, the Magistrate Judge determined that Mr. Boddie's claim did not fall within this exception and recommended that his motion to proceed *in forma pauperis* be denied. (ECF No. 8.)

To fall within the "imminent danger" exception, a plaintiff must allege that he is in imminent danger of a "serious physical injury"—that is, an injury that "has potentially dangerous consequences such as death or severe bodily harm. Minor harms or fleeting discomfort don't count." *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019). The plaintiff must also allege that this injury has been caused by a threat or prison condition that is real and proximate and that exists at the time the complaint is filed. *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). That necessarily means that past dangers do not fall within this exception. *Id.*

The Magistrate Judge concluded that Mr. Boddie has pleaded nothing more than a "mere disagreement over the particular medications he has been prescribed to treat his exposure to an individual with HIV, which is insufficient to even state a cognizable Eighth Amendment medical indifference claim." (ECF No. 3, at 8.) Mr. Boddie raises three main objections to this conclusion.

3

First, he claims that he is in imminent danger because he "has not been afforded *any* medication to prevent his person from contracting HIV (AIDS) and now [COVID-19] . . . ." (ECF No. 9, at 3.) The allegation regarding HIV treatment directly contradicts the Complaint in which Mr. Boddie alleges that he was treated with Tenofovir and Emtriva, both of which are HIV medications. *See* https://aidsinfo.nih.gov/drugs/290/tenofovir-disoproxil-fumarate/0/patient (last visited May 4, 2020); Patient Information, Emtriva, https://www.gilead.com/-/media/files/pdfs/medicines/hiv/emtriva/emtriva_patient_pi.pdf. Even taking Mr. Boddie's factual allegations as true, FCCC has treated him for the potential HIV infection. And Mr. Boddie also acknowledges that this danger is now behind him, given that he tested negative for HIV three weeks after the bite. As for the COVID-19 allegation, Mr. Boddie offers no reason to believe that he needs to be treated to prevent a COVID-19 infection or that such a lack of preventative treatment constitutes a "real and proximate" danger that currently exists.

Second, he claims that he is suffering "serious side effects" from the HIV medications. (ECF No. 9, at 6.) However, none of the described side effects have the potential to lead to death or severe bodily harm. *See Gresham*, 938 F.3d at 850 (finding that chest pains, seizures, vomiting, stomach cramps, and dizziness were not sufficiently serious to constitute "serious physical injury" within the meaning of § 1915(g)).

Third, Mr. Boddie claims that he has not been treated for the pain of the bite and that he is suffering "excruciating pain of a burning and throbbing nature and numbness is circulating down into the right arm." (ECF No. 9, at 3.) This objection is consistent with Mr. Boddie's allegation in his complaint that he has been denied pain medication. (ECF No. 5 ¶ 10 ("Defendant has refused to prescribe[] and appropriately treat Plaintiff with medication (pain) that is excruciating in nature with numbness radiating into the right hand.").) This final allegation

is a closer call. However, based on Mr. Boddie's allegations, the Court cannot conclude that the non-infectious consequences of the pain from a bite on his arm have the potential to lead to death or severe bodily harm. *See Gresham*, 938 F.3d at 850.

The consequences of an HIV infection from the bite could put Mr. Boddie in imminent danger, to be sure. *See Vandiver*, 727 F.3d at 585–86. But Mr. Boddie acknowledges that FCCC treated and prevented this danger from coming to pass. Based on Mr. Boddie's allegations, it does not appear that he is in imminent danger of serious physical injury, so he does not fall within the limited exception provided for by § 1915(g). He must pay the filing fee for his claim to proceed.

For these reasons, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate's Report & Recommendation. Plaintiff's Motion for Leave to Proceed *in form pauperis* (ECF No. 1) is **DENIED**, and he is **ORDERED** to pay the full $400 filing fee within thirty days should he wish to proceed with his claims. Failure to pay the full fee within thirty days will result in the dismissal of this action. The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE